IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IFTIKHAR AHMED MEMON,

                OPINION and ORDER

       Plaintiff,

                13-cv-704-bbc

     v.

WAUKESHA COUNTY TECHNICAL
COLLEGE,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Iftikhar Ahmed Memon has filed a pro se complaint challenging defendant Waukesha County Technical College's refusal to interview him after he applied for a position as an economics instructor on June 11, 2012, September 5, 2012 an March 14, 2013.  Now before the court is defendant's motion to dismiss the complaint on the grounds that plaintiff (1) failed to state a claim by not satisfying the minimum pleading requirements of Fed. R. Civ. P. 8; (2) failed to exhaust his administrative remedies with respect to the June 2012 application; and (3) filed an untimely complaint in this court with respect to the September application.  Dkt. #8.  Although plaintiff has filed a response to the motion, he fails to address defendant's substantive arguments and focuses on why he believes that he was qualified for the instructor positions.

I find that plaintiff's complaint violates Rule 8 with respect to all of his claims. However, I will give plaintiff an opportunity to submit an amended complaint that corrects

1

these violations.  I also find that defendant's arguments related to administrative exhaustion and timeliness involve questions that necessarily raise matters outside the pleadings and require plaintiff to provide further information.  As a result, I am converting defendant's motion to dismiss the claims related to the June and September 2012 applications to a motion for summary judgment.  With respect to those claims, I am requiring plaintiff to show cause why (1) his claim related to his June 2012 application should not be dismissed for failure to exhaust his administrative remedies and (2) his claim related to the September 2012 should not be dismissed as untimely.


OPINION

Plaintiff's complaint is brief and contains very few allegations.  However, I understand him to be alleging that he applied with defendant for the position of instructor of economics on June 11, 2012, September 5, 2012 and March 14, 2013, but defendant did not offer him an interview.  Plaintiff identifies himself as a Muslim and Pakistani American.  He also attaches several exhibits to his complaint, including the description for the job, his résumé and educational history, professional references and a statement that he prepared for the Equal Employment Opportunities Commission (EEOC).

Although plaintiff does not identify the basis for the court's jurisdiction in his complaint, his claims would appear to arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), which makes it unlawful for an employer to "fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national

origin." Thus, to have an actionable Title VII claim, plaintiff must allege that discrimination took place because of his race, color, gender or national origin. Although plaintiff states that defendant is "practicing passive racism," he does not allege any facts from which it can be inferred that defendant's failure to hire him was unlawful discrimination. This information is required under Fed. R. Civ. P. 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." See also Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010) (to state a claim for discrimination, plaintiff must identify "type of discrimination that [the plaintiff] thinks occur[red] . . ., by whom . . . and when."). In addition, plaintiff has failed to include a request for relief in his complaint, as required under Rule 8(a)(3).

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without prejudice. However, I will give plaintiff until April 10, 2013 to submit a proposed amended complaint. In redrafting his complaint, plaintiff should view the exercise as telling a story to people who know nothing about his situation. He should (1) identify the facts that form the basis for his claims; (2) explain how and why defendant violated his rights; and (3) state what relief he is requesting. For example, plaintiff should explain what he means by "Waukesha County Technical College is practicing passive racism and violating federal laws." If plaintiff fails to file an amended complaint by April 10, 2013, the clerk of court will close the case.

In addition, plaintiff should know that Title VII includes various procedural requirements that a plaintiff must satisfy before filing a lawsuit in federal court. One

3

important requirement is that a plaintiff may not bring a discrimination claim until he has received a "right to sue" letter from the EEOC.  42 U.S.C. § 2000e-5(f).  Once he receives that letter, he has 90 days to file a lawsuit.  Prince v. Stewart, 580 F.3d 571, 574 (7th Cir. 2009).  See also 42 U.S.C. § 2000e-5(e)(1) (establishing time limits within with plaintiff must file charge of discrimination with EEOC).  In its motion to dismiss, defendant contends that plaintiff failed to file a charge of discrimination with respect to the rejection of the June 2012 application and failed to bring his federal lawsuit within 90 days of receiving the right to sue letter with respect to the rejection of his September 2012 application.  Although defendant has the burden to prove that plaintiff failed to meet these requirements, if defendant meets that burden, plaintiff's claims under Title VII will have to be dismissed.

Plaintiff has not discussed in his complaint or in his response to defendant's motion to dismiss whether he ever filed a charge of discrimination with the EEOC.  In an effort to complete the record, defendant has submitted plaintiff's charges of discrimination and the EEOC's dismissal and right to sue letters relating to the rejection of plaintiff's September 2012 and March 2013 applications.  Dkt. ##11-12.  Neither party identifies when plaintiff received the right to sue letters.

Generally, a court may not consider documents outside the pleadings without converting a motion to dismiss into a motion for summary judgment.  Rule 12(d); Miller v. Herman, 600 F.3d 726, 733 (7th Cir. 2010).  Defendant correctly points out that this rule does not apply when the court takes judicial notice of the report or findings of an administrative agency, such as the EEOC.  Menominee Indian Tribe of Wisconsin v.

Thompson, 161 F.3d 449, 456 (7th Cir. 1998).  However, without further information from plaintiff, which is not contained in the complaint, it is impossible to determine whether  (1) he ever filed a charge of discrimination with respect to the June 2012 application; or (2) on what date he *received* the right to sue letter relating to the September 2012 application. (Although the court may presume the timely delivery of a properly addressed piece of mail, Bobbitt v. Freeman Companies, 268 F.3d 535, 538 (7th Cir. 2001), and that plaintiff received it three days later, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984), the deadline is subject to equitable tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982).)

The Court of Appeals for the Seventh Circuit has held that filing a timely charge with the EEOC is a prerequisite to filing a civil action in federal court, ReedElsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1246 (2010), and that the issue of exhaustion should be resolved before turning to the merits in most cases, Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).  As a result, I will convert defendant's motion to dismiss the claims related to the June 2012 and September 2012 applications into a motion for summary judgment and require plaintiff to show cause  why (1) his claim related to the June 2012 application should not be dismissed for his failure to file a timely charge of discrimination; and (2) his claim related to the September 2012 application should not be dismissed as untimely because he filed suit in this court more than 90 days after receiving his right to sue letter from the EEOC.  To avoid dismissal, plaintiff must support his position with admissible evidence in the form of an affidavit, original documents or photocopies of documents that have been

certified as being true and correct copies of the documents they appear to be.  Plaintiff will have until April 10, 2013 to make these showings.


ORDER

IT IS ORDERED that

1.  Defendant Waukesha County Technical College's motion to dismiss, dkt. #8, plaintiff's complaint is on the ground it violates Fed. R. Civ. P. 8 is GRANTED.  Plaintiff may have until April 10, 2013, to submit a proposed amended complaint that conforms to the requirements of Rule 8.  If plaintiff fails to respond to this order by that date, the clerk of court is directed to close this case.

2.  Defendant's motion to dismiss plaintiff's claims related to the June 2012 and September 2012 applications for employment is CONVERTED to a motion for summary judgment under Fed. R. Civ. P. 12(d).  Plaintiff may have until April 10, 2013, to show cause why the court should not dismiss these claims for failure to satisfy the procedural requirements identified in this opinion.

Entered this 21st day of March, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge