IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IFTIKHAR AHMED MEMON,

                Plaintiff,

v.

WAUKESHA COUNTY TECHNICAL
COLLEGE,

                Defendant.

OPINION and ORDER

13-cv-704-jdp[1]

---

Plaintiff Iftikhar Ahmed Memon has brought this action alleging that defendant Waukesha County Technical College violated Title VII of the Civil Rights Act and the Age Discrimination in Employment Act by discriminating against him based on his race and his age when it refused to interview him for a position as an economics instructor three times.[2] In a March 21, 2014 order, the court concluded that plaintiff's complaint violated Federal Rule of Civil Procedure 8 with respect to all of his claims, gave him an opportunity to submit an amended complaint that corrected these violations, converted defendant's motion to dismiss plaintiff's claims related to his June and September 2012 job applications to a motion for summary judgment, and ordered plaintiff to show cause why those claims should not be dismissed. Dkt. 18.

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 28.

[2] Although plaintiff references his gender in his amended complaint, he was not allowed to proceed on a sex discrimination claim and he has not filed a motion for reconsideration seeking to proceed on such a claim.

1

Plaintiff responded by filing an amended complaint and materials responding to the show cause order, although he stated that he wished to limit his claims to his March 2013 job application. In an April 10, 2014 order, the court concluded that plaintiff's amended complaint complied with Federal Rule of Civil Procedure 8 but dismissed all claims regarding plaintiff's 2012 applications. Dkt. 21.

Defendant has responded by filing a motion to dismiss plaintiff's amended complaint. Dkt. 22, which essentially doubles as a motion asking the court to reconsider the April 10 order concluding that plaintiff's amended complaint sufficed under Rule 8. Defendant assumes that plaintiff's claims rely on the "indirect method" of proving discrimination first set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To make out a *prima facie* case for such a claim, a plaintiff must show that: (1) he was a member of the protected class; (2) he was qualified for the position; (3) he was rejected for the position; and (4) the position was given to an individual outside the protected class who was similarly situated or less qualified than he was. *Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010). Defendant argues that plaintiff has failed to "identify[] any facts from which this Court could plausibly infer that WCTC acted in a discriminatory manner or was motivated by any discriminatory animus" but rather "wholly ignores entire elements of a discriminatory failure to hire claim." More specifically, defendant states that plaintiff fails to allege:

- that he was qualified for the economics instructor position;
- whether defendant ended up hiring a similarly situated person of a different age or race;
- his age; or
- a request for relief that this court can grant.

2

The first three points relate to whether and how much pleading standards have changed in discrimination cases. Defendant cites to a previous decision of this court, *Riley v. Vilsack*, 665 F.Supp.2d 994 (W.D. Wis. 2009) for the propositions that "[i]n the wake of" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)[3] and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "with respect to claims brought pursuant to federal discrimination laws, 'it is not enough to identify the discriminatory act and the characteristic that prompted the discrimination'" and that a complaint "'must include some allegations about each element [of a claim], or at least allegations from which a court can draw reasonable inferences about each of the elements.'" *Riley*, 665 F.Supp.2d at 1002, 1004. Defendant argues that the case should be dismissed pursuant to *Riley* because plaintiff ignores the elements regarding the job qualifications and whether it hired someone of a similarly situated person of a different age or race.

I conclude that defendant overrelies on the standard discussed in *Riley*. Following the *Riley* decision, the Court of Appeals for the Seventh Circuit has discussed similar issues regarding *Twombly* and *Iqbal* and has come to a conclusion that those cases did not change pleading standards as much as the *Riley* decision assumed:

> Furthermore, the Supreme Court has made clear that the pleading standards in Title VII cases are different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (explaining that "we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings'") (internal

---

[3] This case stated that the oft-quoted pleading standard in *Conley v. Gibson*, 355 U.S. 41 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") "has earned its retirement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

3

quotations omitted) (brackets in original). "In addition, under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Id.*

While there is some unresolved tension between *Swierkiewicz* and the Court's later decisions in *Twombly* and *Iqbal*, we have "affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Id.* at 1085 (plaintiff sufficiently pled violation of Title VII where she alleged salary discrepancy and that "she ha[d] been subjected to adverse employment actions by Defendants on account of her gender"). Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them.

*Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). This court has already concluded that plaintiff's allegations about being denied for an interview based on his age and race are sufficient to state plausible Title VII and ADEA claims, and none of defendant's arguments persuade me to rethink that decision.

Regarding plaintiff's request for relief (he "want[s] from court to cease this college for good"), defendant is correct that plaintiff is asking for a remedy that is well beyond the scope of plausible relief for his claims. However, plaintiff's failure to state a realistic request for relief at this point is a relatively minor defect, and given his pro se status, does not merit immediate dismissal, particularly given that plaintiff has responded by identifying new remedies, which I will construe as a supplement to his amended complaint. *See* Dkt. 25 at 6-7. Plaintiff again seeks remedies that are implausible (the termination of various college employees and his appointment as interim president of the college) but he also requests

money damages that are available under both Title VII and the ADEA. Therefore plaintiff has met his pleading burden, and I will deny defendant's motion to dismiss.

ORDER

IT IS ORDERED that defendant Waukesha County Technical College's motion to dismiss plaintiff Iftikhar Ahmed Memon's amended complaint, Dkt. 22, is DENIED.

Entered this 27th day of August, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge