IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IFTIKHAR AHMED MEMON,

                Plaintiff,

v.

WAUKESHA COUNTY TECHNICAL
COLLEGE,

                Defendant.

OPINION and ORDER

13-cv-704-jdp

---

    Plaintiff Iftikhar Ahmed Memon alleges that defendant Waukesha County Technical College violated Title VII of the Civil Rights Act and the Age Discrimination in Employment Act by discriminating against him based on his race and his age when it refused to interview him for a position as an economics instructor in March 2013.

    Now before the court are plaintiff's motion to compel discovery of job application data from other hiring cycles, motion for the court to "keep the option open to shut down" defendant, and a second motion for summary judgment. After considering the documents filed by the parties, I will grant plaintiff's motion to compel in part, but I will deny the other motions.

## MOTION TO COMPEL

    Plaintiff has filed a motion to compel discovery of job application information for three other job openings plaintiff applied for with defendant: June and September 2012 openings for an economics instructor and a May 2008 opening for a communications skills

1

instructor. Plaintiff originally included claims about the June and September 2012 openings in this case, but those claims were dismissed in April 2014 after plaintiff admitted that he had not exhausted his administrative remedies on those claims. *See* Dkt. 21.

In opposing plaintiff's motion, defendant first argues that the motion must be denied because plaintiff did not make any efforts to confer with it under Federal Rule of Civil Procedure 37(a)(1) before filing the motion.[1] I decline to deny the motion on this technical ground. In the court's February 6, 2014 preliminary pretrial conference order, Magistrate Judge Stephen Crocker told the parties that this rule would not be strictly followed:

> If the parties disagree about discovery requests, then this court would like them to try to work it out if they can do so quickly, but the court does not require this if it would be a waste of time. If either side thinks that the other side is not doing what it is supposed to do for discovery and they cannot work it out, then either the plaintiff or the defendant quickly should file a motion with the court.

Dkt. 17, at 7. This appears to be an instance where conferring with defendant would only waste time; as discussed below, defendant continues to argue that the material plaintiff seeks is irrelevant, so there is no compromise solution to plaintiff's request. Rather than deny the motion, only to have plaintiff fruitlessly confer with defendant and then refile his motion, I will address defendant's substantive argument.

That argument is that plaintiff has failed to show the relevance of the application materials for the other job postings, particularly given that his claims regarding those postings were previously dismissed. However, in making this argument, they admit that the job opening still at issue in this case, the March 2013 opening, was its third attempt at filling the

---

[1] Under this rule, "The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

opening after it declined to hire any of the applicants (including plaintiff) responding to the June and September 2012 postings. Thus, although defendant argues that the position qualifications were modified for the March 2013 opening, all three of the application cycles were for the same job. This makes the previous cycles' application materials relevant to plaintiff's discrimination claim, so I will grant his motion to compel regarding the June and September 2012 postings.

As for the May 2008 opening for a communications skills instructor, it is much harder to see the relevance of these materials, and in any case, defendant states that it no longer has any of these materials, so there is nothing to turn over to plaintiff. I will deny plaintiff's motion regarding these materials.

## MOTION TO "SHUT DOWN" DEFENDANT

In an August 27, 2014 order responding to defendant's motion to dismiss based on plaintiff's inadequate request for relief, I stated:

> Regarding plaintiff's request for relief (he "want[s] from court to cease this college for good"), defendant is correct that plaintiff is asking for a remedy that is well beyond the scope of plausible relief for his claims. However, plaintiff's failure to state a realistic request for relief at this point is a relatively minor defect, and given his pro se status, does not merit immediate dismissal, particularly given that plaintiff has responded by identifying new remedies, which I will construe as a supplement to his amended complaint. *See* Dkt. 25 at 6-7. Plaintiff again seeks remedies that are implausible (the termination of various college employees and his appointment as interim president of the college) but he also requests money damages that are available under both Title VII and the ADEA. Therefore plaintiff has met his pleading burden, and I will deny defendant's motion to dismiss.

Dkt. 31, at 4-5.

Now, plaintiff asks the court to "keep the option open to shut down Waukesha County Technical College," Dkt. 51, at 2. As discussed in the August 27, 2014 order, plaintiff's requested relief is simply not a plausible request for relief in this action, so I will deny his motion.

MOTION FOR SUMMARY JUDGMENT

Finally, plaintiff has filed a document he titles "dispositive motion" that I will consider as his second motion for summary judgment. I denied his previous motion for summary judgment in a November 24, 2014 order, stating as follows:

> As for plaintiff's summary judgment motion, it must be denied because plaintiff has failed to follow the court's procedures for filing such motions. Under these procedures, a copy of which was attached to the preliminary pretrial conference order in this case, each party submits briefing as well as numbered "proposed findings of fact" setting forth each factual proposition the party wishes to establish and citing attached supporting evidence. *See* Procedure to Be Followed on Motions for Summary Judgment, Dkt. 17. Plaintiff's submissions fall far short of complying with the court's procedures, as he does not provide proposed findings of fact citing attached evidence. Nor does he provide the type of coherent, detailed statement of his claims necessary to set forth a prima facie case for discrimination. As defendant points out, plaintiff "fails to include with his motion any evidence demonstrating that he was qualified for the position he sought. Indeed, [plaintiff] neither identifies the minimum qualifications for the position, nor does he present evidence showing that he met those qualifications." Because plaintiff's submissions neither comply with the court's procedures nor present a coherent narrative detailing the fundamental components of his claims, I will deny his motion for summary judgment without prejudice. I will attach a copy of the court's summary judgment procedures to this order; plaintiff should take care to follow these procedures in the future.

Dkt. 49, at 3-4.

I will deny plaintiff's second motion without requiring defendant to respond to it, for largely the same reasons that his first motion was denied. The new motion still fails to follow

this court's procedures, particularly the rules explaining how to submit numbered proposed findings of fact. Plaintiff's current submission is very difficult to understand, does not contain a systematic, numbered statement of proposed facts, and seems to intersperse argument with facts throughout, making it difficult to tell what facts plaintiff is actually trying to put forward in support of his motion. Given how difficult it is to make out the case plaintiff is trying to prove in this filing, there is no reason to have defendant respond to it.

ORDER

IT IS ORDERED that:

1. Plaintiff Iftikhar Ahmed Memon's motion to compel, Dkt. 50, is GRANTED IN PART as set forth in the opinion above. The compelled responses are to be provided to plaintiff by February 20, 2015.

2. Plaintiff's motion for the court to "keep the option open to shut down" defendant, Dkt. 51, is DENIED.

3. Plaintiff's second motion for summary judgment, Dkt. 60, is DENIED.

Entered February 6, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge

5